IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DOUGLAS ASKE,

              Plaintiff,

    v.

CLATSKANIE SCHOOL DISTRICT 6J, an Oregon Public School District, CATHY HUROWITZ,

              Defendants.

No. 3:19-cv-00517-HZ

OPINION & ORDER

Kevin T. Lafky
Christopher M. Edison
LAFKY & LAFKY
429 Court Street NE
Salem, OR 97301

    Attorneys for Plaintiff

Karen O'Kasey
Ruth A. Casby
HART WAGNER LLP
1000 SQ Broadway, Twentieth Floor
Portland, OR 97205

    Attorneys for Defendants

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Plaintiff Douglas Aske brings this action against Defendant Cathy Hurowtiz,[1] alleging a violation of Plaintiff's right to procedural due process. Before the Court are the parties' cross-motions for summary judgment. For the reasons that follow, the Court DENIES Plaintiff's motion and GRANTS Defendant Hurowitz's motion.

## BACKGROUND

Clatskanie School District ("CSD") operates a public elementary and secondary school in Columbia County, Oregon. First Amend. Compl. ¶ 2, ECF 10. Defendant Cathy Hurowitz became CSD's superintendent in August of 2018. First Amend. Compl. ¶ 18. Plaintiff was employed as CSD's District Maintenance Supervisor from August 1, 2012 through December 3, 2018. *Id.* at ¶ 6; Edison Decl. Ex. 8 at 1, ECF 24.

On December 3, 2018, Hurowitz discharged Plaintiff by letter. O'Kasey Decl. Ex. 12, ECF 21. Hurowitz relied, in part, on (1) a formal OSEA union grievance, alleging Plaintiff violated a collective bargaining agreement by hiring two non-classified employees, and (2) a failed a safety inspection at Plaintiff's maintenance shop. *Id.* Plaintiff appealed that decision to the school board, which upheld Hurowitz's decision. O'Kasey Decl. Ex. 2.

## SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate if there is no genuine issue material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "An issue of material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for

---

[1] Plaintiff also named Clatskanie School District 6J ("CSD") in this action, alleging wrongful discharge in violation of state law and public policy. In his motion for summary judgment, however, Plaintiff agreed to dismiss all claims against CSD.

2 – OPINION & ORDER

the non-moving party." *Reed v. Lieurance*, 863 F.3d 1196, 1204 (9th Cir. 2017) (quoting *Cortez v. Skol*, 776 F.3d 1046, 1050 (9th Cir. 2015)).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet this initial burden, a moving party without the burden of proof at trial need only point to the absence of evidence supporting the nonmoving party's claim. *Id.* at 325. Once that initial burden is satisfied, the burden then shifts to the nonmoving party to demonstrate that there remains a genuine issue of material fact to be tried. *Id.* at 323. A nonmoving party with the burden of proof at trial must move beyond mere allegations and set forth affidavits, declarations, motions, or other evidentiary materials from the record to establish the essential elements of its claim. *Id.* at 324.

All reasonable doubts as to the existence of a genuine issue of material fact must be resolved in the nonmoving party's favor. *Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Summary judgment is improper where divergent ultimate inferences may reasonably be drawn from the undisputed facts." *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014) (internal quotation marks omitted); *see also Int'l Union of Bricklayers & Allied Craftsman Local Union No. 20, AFL-CIO v. Martin Jaska, Inc.*, 752 F.2d 1401, 1405 (9th Cir. 1985) ("Even where the basic facts are stipulated, if the parties dispute what inferences should be drawn from them, summary judgment is improper.").

## DISCUSSION

The Fourteenth Amendment to the United States Constitution protects individuals from the deprivation of liberty or property by the government without due process. To prove a violation of procedural due process, a plaintiff must show (1) deprivation of a protected liberty

or property interest and (2) denial of adequate procedural protections. *Hufford v. McEnaney*, 249 F.3d 1142, 1150 (9th Cir. 2001).

Plaintiff claims he was deprived of a protected property interest in his continued employment. The Due Process Clause does not create substantive property rights. *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993). Rather, property rights are created by an "independent source such as state law." *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972); *Lawson v. Umatilla County*, 139 F.3d 690, 692 (9th Cir. 1998). Under Oregon law, a property right to continued employment can be created by a statute or regulation, *see Brady v. Gebbie*, 859 F.2d 1543, 1549 (9th Cir. 1988), or by contract term, personnel policies, or handbooks, *see Brunick v. Clatsop County*, 204 Or. App. 326, 332–33 (2006). Otherwise, "at-will" employees are not entitled to constitutional due process protection. *Lawson*, 139 F.3d at 692 (citing *Portman*, 995 F.2d at 904).

Here, Plaintiff claims a protected property right in his continued employment based on (1) a provision in a collective bargaining agreement; (2) a provision in the CSD staff handbook; and (3) generalized statements and beliefs.

### 1. Collective Bargaining Agreement

Under a collective bargaining agreement between the Oregon School Employees Association ("OSEA") and CSD, the "District shall not, for disciplinary reasons, suspend without pay, reduce in basic compensation or dismiss any permanent classified employee without just cause." Edison Decl. Ex. 2 at 4.

Plaintiff asserts he is a classified employee and therefore could not be dismissed without just cause. In response, Defendant argues that Plaintiff was not, in fact, a classified employee and could therefore be dismissed at will.

The Court agrees with Defendant that Plaintiff was not a classified employee. First, both Oregon law and Plaintiff's own contract state that supervisory employees are not classified employees. *See* O.R.S. 240.210 (classified positions exclude management positions); O.R.S. 240.212 (management positions include supervisory employees as defined by O.R.S. 243.650); O.R.S. 243.650(23)(a) (supervisory employees defined as "any individual having authority in the interest of the employer to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward or discipline other employees, or responsibly to direct them, or to adjust their grievances, or effectively to recommend such action, if in connection therewith, the exercise of the authority is not of a merely routine or clerical nature but requires the use of independent judgement. . . .); O'Kasey Decl. Ex. 18 at 2, ECF 33 (CSD policy defined "supervisory employees" as "individuals having authority to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward or discipline other employees, or responsibly to direct them, or to adjust their grievances or effectively to recommend such action if the exercise of such authority is not of a merely routine or clerical nature but requires the use of independent judgment."); Edison Decl. Ex. 8 at 1 (CSD policy incorporated into Plaintiff's employment contract).

No reasonable jury could conclude that Plaintiff was not a supervisory employee as defined by Oregon law and contract. According to Plaintiff's contract, Plaintiff was employed as the "District Maintenance Supervisor." Edison Decl. Ex. 8 at 1. The contract also provides, in relevant part, that Plaintiff shall "supervise the district custodians." *Id.* Plaintiff admits that he supervised employees, including two custodians and a groundskeeper. O'Kasey Decl. Ex. 3 at 20:6–13, 21:11–16. He also admits that he held hiring authority. Aske Decl. ¶¶ 8–9 (describing OSEA grievance regarding plaintiff's hiring practices).

5 – OPINION & ORDER

Plaintiff does not identify any questions of fact, or offer any evidence or argument to address Defendant's position that he was not a classified employee. Instead, he relies on a single, conclusory statement from Plaintiff himself: "I was an administrative classified employee at CSD." Aske Decl. ¶ 3. Without any further argument or evidence, no reasonable jury could conclude that Plaintiff was, in fact, a classified employee. Because Plaintiff was not a classified employee, the collective bargaining agreement did not create a protected property interest.

### 2. CSD Handbook

Plaintiff next argues that a provision in the CSD staff handbook created a protected interest in his continued employment. The provision provides that "[d]iscipline and dismissal of staff will follow due process, relevant provisions of the collective bargaining agreements, and applicable law." Edison Decl. Ex. 10 at 10, ECF 35. However, as pointed out by Defendant, the same handbook also contains the following disclaimer: "No information in this document shall be viewed as an offer, express or implied or as a guarantee of any employment of any duration." *Id.* at 8.

"Oregon courts have consistently held that a disclaimer in an employee handbook or personnel [policy] is sufficient to retain an employee's at-will status." *Lawson*, 139 F.3d at 693. This is the case even when the employee handbook or other policy provides that employees should only be terminated for certain reasons or after certain procedures, *id.* (citing *Gilbert v. Tektronix, Inc.*, 112 Or. App. 34 (1992)), or when an employer has a "standard practice of affording hearings," *Curtis v. City of Redmond*, 303 F. App'x 560, 562 (9th Cir. 2008).

As stated above, the disclaimer here provides that "[n]o information in this document shall be viewed as an offer, express or implied or as a guarantee of any employment of any duration." The Court sees no meaningful difference between this language and the language in

*Lawson*, which stated that "under no circumstances shall these policies be construed to act as any type of employment contract with any employee of the County of Umatilla." 139 F.3d at 691. In that case, the court held that the disclaimer controlled. *Id.* at 693. Here, too, the disclaimer controls. Thus, the CSD handbook did not create a protected property interest.

### 3. Statement from Defendant Hurowitz

To the extent Plaintiff may argue that any generalized beliefs or statements somehow created a property interest, Plaintiff provides no argument, analysis, or legal support for this position. The Court will not attempt to flesh out legal arguments that Plaintiff failed to make. Plaintiff has therefore failed to show any protected property interest in his continued employment, and his procedural due process claim must therefore fail.

### 4. Remaining Arguments

Both Plaintiff and Defendant raise additional arguments as to whether Plaintiff received sufficient due process and whether Defendant is entitled to qualified immunity. Because the Court has determined that Plaintiff did not have a property interest in his continued employment, he was not entitled to constitutional due process protection. Thus, the Court need not reach either party's remaining arguments.

//
//
//
//
//

7 – OPINION & ORDER

## CONCLUSION

Plaintiff's amended motion for partial summary judgment [30] is DENIED. Defendant's amended motion for summary judgment [29] is GRANTED. This case is dismissed with prejudice.

IT IS SO ORDERED.

Dated: _____August 10, 2020_____.

_____
MARCO A. HERNÁNDEZ
United States District Judge

8 – OPINION & ORDER